IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A. LITTLE,
                    Petitioner          )
                                        )
                                        )
                                        )
Vs.                                     )
                                        )
MIKE EVANS, Warden                      )
                    Respondent          )
_____

No. C07-02573 JW (PR)
PETITIONER'S REQUEST
FOR ISSUANCE OF A
CERTIFICATE OF
APPEALABILITY

TO THE HONORABLE JAMES WARE:

Pursuant to 28 U.S.C. section 2253, petitioner respectfully requests the issuance of a certificate of appealability. This request is supported by the attached memorandum of points and authorities.

Dated: Aug. 3, 2008

Respectfully submitted,

William A. Little

Mr. William Anthony Little, Pro. per

MEMORANDUM OF POINTS AND AUTHORITIES

SINCE PETITIONER HAS MADE A SUBSTANTIAL SHOWING
IN SUPPORT OF HIS CLAIMS OF FEDERAL CONSTITUTIONAL
ERROR, THIS COURT SHOULD ISSUE A CERTIFICATE OF
APPEALABILITY.

Pursuant to 28 U.S.C. section 2253(c)(2), a state prisoner is
entitled to the issuance of a certificate of appealability
when he "has made a substantial showing of the denial of a
constitutional right." As interpreted by the Supreme Court, the
quoted standard requires the petitioner to "demonstrate that
reasonable jurists would find the district court's assessment of
the constitutional claims debatable or wrong." Slack V. McDaniel,
529 U.S. 473, 484 (2000).

Petitioner contends that a Certificate of Appealability
should issue as to each of the matters raised in the petition,
as explained below.

1. Denial of Due Process and the Sixth Amendment Right to a
   Jury to prove beyond a Reasonable Doubt on petitioner's sentence.
   This Court's "Order Denying Petition For Writ of Habeas Corpus"
(herein Corpus.) summarily disposes of petitioner's claim of due process
error and the Sixth Amendment Right to a Jury to prove beyond
a Reasonable Doubt on petitioner's sentence. According to this
Court's Order, the United State's Supreme Court's opinion in Apprendi
V. New Jersey, 530 U.S. 466 (2000) announced a new constitutional
rule of criminal procedure that does not apply retroactively on
initial collateral review, United States V. Sanchez-Cervantes, 282
F.3d 664, 665 (9th Cir. 2002), and Blakely announced a new con-

2.

stitutional rule of criminal procedure that does not apply retro-
actively on habeas review. Schardt v. Payne, 414 F.3d. 1025, 1038
(9th cir. 2005).

Petitioner's conviction became final on Oct. 25, 2000, after
Apprendi was decided on June 26, 2000, but well before Blakely
was announced on June 24, 2004. United state Supreme Court's
have previously held that Apprendi announced a new rule. Jones
v. Smith, 231 F.3d 1227, 1236 (9th cir. 2000) Petitioner may have
the benefit of the new rule announced in Apprendi, because his
case was not final when Apprendi was decided. see Griffth,
479 U.S. at 328, 107 S.ct. 708 (when a Supreme court decision re-
sults in a new rule, that rule applies to cases still pending on
direct appeal.)

In Teaque v. Lane, 489 U.S. 2188 (1989), the supreme Court held
that, in order to avoid the chaos that could result from the courts
having to review convictions every time a new constitutional rule
is announced, a habeas petitioner is not permitted to benefit
from a favorable procedural change in the law that occured
after his or her conviction became "final" on direct review. (Finality
normally occurs 90 days after the defendant's conviction was
affirmed on direct appeal by the state's highest court.) Petitioner's
conviction became final on Oct. 25, 2000, In the Supreme Court
of California, Court of Appeal, sixth Appellate District- No. H016490
(S090674) chief Justice George.

Thus, because cunningham relies on Blakely, and because Blakely
applies the rule announced in Apprendi, a prisoner whose convic-
tion became final after Apprendi, but before Blakely can still
persuasively argue that his cunningham claim is "dictated" by
Apprendi, and there fore can be made on habeas corpus without

violating Teague's prohibition on "new" rule being applied on habeas corpus.

Even though Cunningham may not be retroactive under the watershed/bedrock exception to Teague, Teague is not applicable to Cunningham claims made by habeas corpus petitioners whose convictions became final after Apprendi was decided, because Apprendi "dictates" the rule that was announced in Cunningham. (see, eg., People v. Rosen ___ Cal. App. 4th ___, 2007 WL 900765 (3/27/07), § VII [ Apprendi dictated the result in Cunningham ]; see also Reed v. Schriro, ___ F. Supp. 2d ___, 2007 WL 521016 (D. Ariz. 2/14/07) [key "Finality" date For successfully making Cunningham claims is date that Apprendi came down].

2.   Deprival of his Constitutional Right to Have a Jury Determine the truth of Aggravating Factors Beyond a Reasonable Doubt.

In response to Cunningham, our Legislature recently amended the (DSL), California determinate sentencing law, effective March 30, 2007. (Stats. 2007, ch.3.) References to section 1170 are to the law as it read prior to those amendments. In response to the Legislature's amendment of the (DSL), the Judicial Council amended the sentencing rules effective May 23, 2007. References to the California Rules of Court are to the as they read prior to those amendments So the middle term is no longer the "statutory maximum" that the judge can impose without supporting jury Findings.

United States Supreme Court has repeatedly held that, under the sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be Found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. While this rule is rooted in long standing common-law practice, it's explicit statement in our decisions

4.

is recent. In Jones V. United States, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d. 311 (1999), where they examined the Sixth Amendment's historical and doctrinal foundations, and recognized that judicial factfinding operating to increase a defendant's otherwise maximum punishment posed a grave constitutional question. Id., at 239-252, 119 S. Ct. 1215, 143 L. Ed. 2d 311. While the court construed the statute at issue to avoid the question, the Jones opinion presaged there decision, some 15 months later, in Apprendi V. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d. 435 (2000). Other than a prior conviction, see Almendarez-Torres V. United States, 523 U.S. 224, 239-247, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), United States supreme court held in Apprendi, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S., at 490, 120 s.ct. 2348, 147 L. Ed. 2d. 435. See also Harris V. United States, 536 U.S. 545, 557-566, 122 S. Ct. 2406, 153 L. Ed. 2d. 524 (2002) (plurality opinion). ("Apprendi said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime -- and thus the domain of the jury -- by those who framed the "Bill of Rights")

The Reform Act set out a nonexhaustive list of aggravating facts on which such a sentence elevation could be based. It also clarified that a fact taken into account in fixing the standard range — ie., any fact found by the jury — could under no circumstances count in the determination whether to impose an exceptional sentence. 542 U.S., at 299-300, 124 S. Ct. 2531, 159 L. Ed. 2d. 403

Here, because the existence of aggravating factors was not

admitted by petitioner or found true by a jury: the trial court violated the Federal Constitution, as interpreted by Blakely, where it found the existence of aggravating factors for the purpose of imposing the upper term. The (D.S.L) violates the basic jury — trial guarantee by allowing the judge to determine facts essential to punishment which is what the Apprendi's "bright-line rule" was designed to exclude. See Blakely, 542 U.S. at 307-308, 124 S. Ct. 2531, 159 L. Ed. 2d 403. Moreover, by operation of rule 4.420(b), the trial court based its finding on a preponderance of the evidence standard. Consequently, the trial courts imposition of the upper term based on the aggravating factors if found to exist violated petitioner's sixth Amendment right to a jury trial on the truth of that aggravating factors and his Fifth and Fourteenth Amendment rights to due process requiring that it be found true beyond a reasonable doubt.

3.  Deprival of his constitutional Right to have a Jury Determine the factors Permitting Consecutive Sentencing Beyond a Reasonable Doubt.

A trial court's imposition of consecutive sentences does not violate a defendant's Sixth Amendment right to jury trial. (See Smylie v. State (Ind. 2005) 823 N.E. 2d 679, 686 [when trial court has discretion to impose consecutive sentence if it finds at least one aggravating circumstance and applicable statute contains no presumption favoring concurrent sentences," [t]here is no constitutional problem with consecutive sentencing so long as the trial court does not exceed the combined statutory maximums"]; State v. Abdullah (2005) 184 N.J. 497 [878 A. 2d 746, 756] [when trial court has discretion to impose consecutive terms, taking into account specified factors, and sentencing scheme does not contain any presumption in

6.

favor of concurrent sentences," the maximum potential sentence authorized by the jury verdict is the aggregate of sentences for multiple convictions"]; state v. Tanner (2006) 210 Or. App. 70 [150 P.3d 31] [judicial fact finding in decision to impose consecutive sentences does not violate sixth Amendment]; Barrow v State (Tex. crim. App. 2006) 207 S. W.3d. 377, 379 ["Apprendi and its progeny clearly deal with the upper-end extension of individual sentences, when that extension is contingent upon findings of fact there were never submitted to the jury. These decisions do not, however, speak to a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete Fact-Finding, but is wholly discretionary"]; State V. Cubias (2005) 155 wa. 2d 549 [120 P.3d 929, 931-932] ["It seems clear from Blakely that so long as the sentence for any single offense does not exceed the statutory maximum for that offence, as it does in this case, so Blakely is unsatisfied".])

Petitioner's sentence in this case was 5yrs for the upper, then doubled do to the "second strike law", and was give a 5 yr. for prior prison terms. So, for all the reason that this case was given a consecutive terms: "Petitioner's violent history, indicates his serious danger to society; on parole at time of offense; lack of remorse for conduct." None of these factors are presented to or found true beyond a reasonable doubt by jury.

Here, the trial court found the existence of factors for the purpose of imposing a consecutive sentence on counts two, three, four, and five. consequently, the trial court's imposition of consecutive sentences based on the aggravating factors it found to exist violated petitioner's sixth Amendment right to a jury trial on the truth of those aggravating factors and his Fifth

Fourteenth Amendment rights to due process requiring that they be found true beyond a reasonable doubt. Consecutive sentencing is an enhanced sentencing power served solely to the trial judge based upon factors beyond those authorized by the jury verdict alone. As such consecutive sentencing scheme in California fails the <u>Apprendi</u> test as explained in <u>Blakely</u> and thus violates the sixth Amendment right to a jury trial.

4.   The Constitutional Violations of Petitioner's sentence.

In imposing consecutive sentences the trial court was required to make a factual determination independent of the jury verdict. In People v. Wiley (1995) the California Supreme Court stated:

> "trial courts are called upon to make factual determinations
> in their decision whether to impose consecutive sentences."
> People v. Wiley (1995) 9 Cal. 4th 580, 589, 38 Cal. Rptr. 2d. 347.

Indeed this determination itself was illegal under <u>Apprendi</u>. The California Supreme court has long ago acknowledged that consecutive sentences is a sentencing enhancement. (People v. Reeder 200 Cal. Rptr. 479.) Thus this factual determination and the resulting sentence enhancement were both illegal under <u>Apprendi</u>.

In reference to the statutory maximum for petitioner's sentence for one count of robbery, two counts of false imprisonment, and two counts of assault with a firearm, which occured on the same occasion, and arose from the same operative set of facts, the court stated in <u>People v. Durant</u>:

> "when a robbery is charged, it's continous nature, it's elements
> and the facts used to support those elements are the "operative

Facts" underlying the commission of the crime. If another offense is committed while the facts underlying that robbery are unfolding, it will necessarily arise from the same set of operative facts as the original robbery."
(People V. Durant Cal. App. 4th 1405, 81 Cal. Rptr. 2d. 207.)

Further Penal Code 654 prohibits use of facts, and multiple punishment, (People V. Carter (1995) 41 Cal. App. 4th 683), in any instance, and specifically for crimes which occur on the same occasion and arose from the same operative set of facts. (People V. Coleman, 108 Cal. Rptr. 573; People V. Bradley 19 cal. Rptr. 2d. 276; People V. Bailey 113 Cal. Rptr. 514; People V. Landis 59 cal. Rptr. 2d. 641). Thusly, the statutory maximum with regard to petitioner be sentenced concurrently; and accordingly any fact which was used to increase petitioner's sentence beyond that should have under <u>Apprendi</u> (supra.) been "presented to a jury and proven beyond a reasonable doubt."

Generally, the violation of a criminal defendant's federal constitutional rights warrants reversal unless the error is deemed harmless beyond a reasonable doubt. (see Chapman V. California (1967) 386 U.S. 18, 24). However, certain violations represent "'structural defects in the constitution of the trial mechanism, which defy analysis by "harmless-error" standards, and therefore require reversal per se. (Brecht V. Abrahamson (1993) 507 U.S. 619, 629, quoting Arizona V. Fulminante (1991) 499 U.S. 279, 307-309.)

The denial of a jury is just such a "structural defect." (see e.g. Sullivan V. Louisiana (1993) 508 U.S. 275, 281-282; Rose V. Clark (1986) 478 U.S. 570, 578; People V. Ernest (1994) 8 Cal. 4th 441, 499.) As the United States Supreme Court stated in <u>Rose</u>, because of the Sixth Amendment's clear command to afford jury trials in

serious criminal cases, where that right is altogether denied, the error can not be deemed harmless. (Rose v. Clark, supra., 478 U.S. at p. 578 ["the error in such a case is that the wrong entity judged the defendant guilty."].)

Significantly, the United States Supreme Court has also found an error to be structural, and therefore subject to automatic reversal, where the trial court permitted the jury to convict the defendant based on standard less than proof beyond a reasonable doubt. (Sullivan v. Louisiana, supra., 508 U.S. at pp. 281-282.) By finding the existence of aggravating factors based on a preponderance of the evidence, and not beyond a reasonable doubt, the trial court has subjected petitioner to increased punishment on an unconstitutionally low standard of proof, requiring reversal per se.

Given the nature of the constitutional violations at issue here it is impossible to assess with any precision the harm caused due to the lack of a jury trial on the aggravating factors or the failure to require that those factors be found to exist beyond a reasonable doubt. The constitutional violations in this case must therefore be deemed "structural defects." No appellate court can or should speculate as to how the resolution of petitioner's sentencing would have differed had a jury been required to find the existence of aggravating factors beyond a reasonable doubt. Indeed, it is undoubtedly for these precise reasons the Blakely, Apprendi, and Cunningham courts reversed the defendants sentence without requiring a showing of prejudice (Blakely. Washington, supra., 124 S.ct. at 2543; Apprendi v. New Jersey, supra.; 530 U.S. at. p. 497; Cunningham v. California 2007 U.S. LEXIS 1324 (2007).) Consequently, reversal of petitioner's sentence is required.

Reversal of petitioner's sentence is required even if the error

10.

is evaluated under the Federal chapman test. Under chapman, reversal is required unless the People prove the error harmless beyond a reasonable doubt.(Chapman V. California, supra 386 U.S. at p. 24.) The relevant inquiry is whether the People can show beyond a reasonable doubt. "the error did not affect" the sentence or that the sentence imposed was "surely unattributable to the error" (Neder V. United States (1999) S.Ct. 1, 8-13 (applying the chapman standard to tried court's failure to instruct jury on an element of offense.); Sullivan V. Louisiana, supra. 508 U.S. at p. 280; People V. Flood, supra., 18 Cal. 4th at p. 504-505.) Under Neder the error can not be deemed harmless if the omitted element was contested or susceptible to dispute. (Neder V. United States, supra., 508 U.S. at p. 19.5.

5.    Petitioner's ability to contest on Appeal the Constitutional Violations Relating To His sentencing.

    California Supreme Court has repeatedly held that "[a] defendant is not precluded from raising for the first time on appeal a claim asserting the deprivation of certain, fundamental, constitutional rights." (People V. Vera (1997) 15 Cal. 4th 269, 276-277.) Such Fundamental constitutional rights include the right to trial by jury. (See, e.g., People V. Sanders (1993) 5 Cal. 4th 580, 589, Fn.5, People V. Holmes (1960) 54 Cal. 2d. 442, 443-444.) Because petitioner is claiming on habeas corpus that he was denied fundamental constitutional right to a jury trial and due process right to proof beyond a reasonable doubt. The courts have all agreed, that a petition for Writ of Habeas Corpus maybe used by a prisoner who wants to get the benefit of any Favorable change in the law. (In re Walsh (1996) 49 Cal. App. 4th 1096 [57 Cal. Rptr., 2d. 214]; In re Estrada (1985) 63 Cal. 2d. 740 [48 Cal. Rptr. 172]. This issue

11.

is not waived.

Judges and sentencing officials have a broad view and long-term commitment to correctional systems. Juries do not. Judicial officers and corrections professionals, under the guidance and control of the legislature, should be encouraged to participate in an ongoing manner to improve the various sentencing schemes in our country.

Governor Schwarzenegger quickly signed the bill into law in late March, so the middle term is no longer the "statutory maximum" that the judge can impose without supporting jury findings. Bottom Line: As of April, 2007, the cunningham window is closed, and with it the ability of California prisoners to claim that upper-term sentences violate the Sixth Amendment. The Senate Bill 40 (S.B 40), written in response to the ruling, would give judges the discretion to pick any of the three terms in the range of options without having to make any factual findings.

The most obvious argument is that S.B. 40 violates the Sixth Amendment by depriving a person of his right to have sentencing factors decided by a jury. By requiring judges to cite "reasons," S.B. 40 usurps the jury's function, renames "sentencing factors" as "reasons" and allows a judge to sentence a person to a maximum term without any jury findings. Unlike Tennessee or Indiana, see Ind. Code Ann. § 35-50-2-1.3(a) (West 2006); Tenn. Code. Ann. § 40-35-210(c) (2005 Supp.), both cited by the Supreme Court in footnote 18 in cunningham as examples of jurisdictions whose sentencing systems comply with the Sixth Amendment, California's triad sentencing system does not provide a sufficient range of sentencing options to allow a judge "genuine authority" to sentence from among a range of sentences. Petitioner argues

that S.B. 40 is not retroactive and that his case occured before the S.B. 40's effective date was affirmed to go into law. Thus, a certificate of appealability should issue as to this claim of Federal constitutional error.

## CONCLUSION

For the reasons expressed above, this court should issue a certificate of appealability as to the five issues described herein.

Dated: <u>Aug. 3, 2008</u>

Respectfully submitted,

_William Anthony Little_

Mr. William Anthony Little, Pro.per.

**STATE OF CALIFORNIA**                    **COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC 1746)

I, _William Anthony Little_ declare under penalty of perjury that: I am the _William A. Little_ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _3_ day of _August_, 20 _08_, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _William S. Little_
DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - -

## PROOF OF SERVICE BY MAIL

I, _William Anthony Little_, am a resident of California State Prison, I the County of Monterey, State of California I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On _August 3_, 20 _08_, I served the foregoing: _PETITIONER'S REQUEST FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY_

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

_U.S. Courthouse_                          _Attorney General of California_
_450 Golden Gate Ave._                     _Criminal Division_    Rm. 11000
_San Francisco, CA._                        _455 Golden Gate Ave._
_94102-3483_                                _San Francisco, Ca. 94102-3483_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _August 3_, 20 _08_

_William S. Little_
DECLARANT/PRISONER

# Exhibit





IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



OCT 2 8 2005

Court of Appeal - Sixth App. Dist.

By_____
DEPUTY



In re WILLIAM ANTHONY LITTLE,

on Habeas Corpus.

H029436
(Santa Clara County
Super. Ct. No. 187781)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Mihara, J., participated in this decision.)

Dated ___OCT 2 8 2005___    _____PREMO, J._____ Acting P.J.

# Exhibit

B

1
2
3
4
5
6
7

**FILED**

MAY 2 3 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

8

## SUPERIOR COURT OF CALIFORNIA

9

### COUNTY OF SANTA CLARA

10
11
12
13

| In re | ) | No. 187781 |
|---|---|---|
| | ) | |
| **ANTOINE D. LITTLE,** | ) | ORDER |
| | ) | |
| On Habeas Corpus | ) | |
| _____ | ) | |

14
15
16
17
18
19
20
21

   **ANTOINE D. LITTLE** (hereinafter "Petitioner") forwards to this Court a petition for rehearing originally directed to the Sixth District Court of Appeal alleging that his conviction was invalid due to the U.S. Supreme Court decision of *Apprendi v. New Jersey* (2000) 147 L.Ed.2d 435. Specifically, Petitioner argues the trial court's finding of aggravating circumstances and the imposition of consecutive sentencing are invalid because these issues were not decided by a jury.

22
23

   To the extent that this Court can construe Petitioner's filing as a writ of habeas corpus, the petition is DENIED.

24
25
26
27
28

   The rule articulated in that case and subsequent cases (*Blakely v. Washington* (2004) 159 L.Ed.2d 403, *United States v. Booker* (2005) 160 L.Ed.2d 621) does not apply to California's sentencing scheme as Petitioner asserts. (*See People v. Black* (2005) 35 Cal.4th 1238, 1264;

1  "defendant's constitutional right to a jury trial was not violated by

2  the trial court's imposition of the upper term sentence.")

3  Additionally, and in any event, the *Apprendi* rule would not be

4  applicable retroactively to Petitioner's case which was final at the

5  time *Apprendi*, and subsequent similar cases, were decided. (*In re*

6  *Consiglio* (2005) 128 Cal.App.4th 511; *People v. Amons* (2005) 125

7  Cal.App.4th 855, 864-865.)

8

9      Moreover, this same Court previously rejected the same claim

10  raised by Petitioner in 2004, and he has not shown that he is entitled

11  to bring successive, piecemeal petitions to this Court. (*In re Clark*

12  (1993) 5 Cal.4th 750, 797.)

13

14      For the above reasons, the Petition is DENIED in its entirety.

15

16  DATED: 23 May 2006                    _____

17                                        PAUL BERNAL
                                          JUDGE OF THE SUPERIOR COURT
18  cc:  Petitioner
         District Attorney
19       Research
         CJIC
20

21

22

23

24

25

26

27

28

| IN THE SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SANTA CLARA | **FILED**<br><br>MAY 2 3 2006<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY _____ DEPUTY |
|---|---|
| Plaintiff/Petitioner<br>Antoine D Little | |
| In re: People vs. Little | |
| PROOF OF SERVICE OF: Order in re: Habeas **Corpus** | Case Number:<br>**187781** |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this cause and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on MAY 2 3 2006 I declare under penalty of perjury that the foregoing is true and correct.

DATED:          MAY 2 3 2006

Kiri Torre, Chief Executive Officer

BY:  Catherine Guerra, Deputy Clerk

| Antoine D. Little<br>E-86654<br>Salinas Valley State Prison<br>P.O. Box 1050<br>Soledad, CA 93960-1050 | Research Attorney Criminal Division<br>190 W. Hedding Street<br>San Jose, CA 95110<br>*Placed in Research Attorney pick up box at HOJ |
|---|---|
| | Office of the District Attorney<br>70 West Hedding Street<br>San Jose, CA 95110<br>*Placed in District Attorney pick up box at HOJ |
| | CJIC |
| | |

# Exhibit



S144643

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re WILLIAM ANTHONY LITTLE on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

MAR 2 8 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
_____
Chief Justice

# Exhibit

D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**

JUL 0 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A. LITTLE,                     )
                                       )    No. C 07- 02573 JW (PR)
              Petitioner,              )
                                       )    ORDER OF DISMISSAL
    vs.                                )
                                       )
MIKE EVANS, Warden,                    )
                                       )
              Respondent.              )
_____ )

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison in

Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28

U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner was convicted by a jury in the Superior

Court of the State of California in and for the County of Santa Clara of second

degree robbery, assault with the use of a firearm, false imprisonment and

enhancements for personal use of a firearm and gang affiliation, among others.

Petitioner was sentenced on February 14, 1997, to twenty-five years and eight

months in state prison.

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.07\Little02573_dismissal.wpd

**United States District Court**
For the Northern District of California

1    Petitioner alleges that he presented his claims in a state habeas petition to the

2    California Court of Appeal which denied the petition on October 28, 2005. The

3    California Supreme Court denied the petition on March 28, 2007.

4    Petitioner filed the instant petition on May 15, 2007.

5

6    **DISCUSSION**

7    A.   Standard of Review

8    This court may entertain a petition for a writ of habeas corpus "in behalf of a

9    person in custody pursuant to the judgment of a State court only on the ground that

10    he is in custody in violation of the Constitution or laws or treaties of the United

11    States." 28 U.S.C. § 2254(a).

12    It shall "award the writ or issue an order directing the respondent to show

13    cause why the writ should not be granted, unless it appears from the application that

14    the applicant or person detained is not entitled thereto." Id. § 2243.

15    B.   Legal Claims

16    Petitioner is appealing his sentence after the United States Supreme Court's

17    2004 decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v.

18    Washington, 542 U.S. 296 (2004), which combined decisions limited the trial

19    court's ability to increase the penalty for a crime beyond the prescribed statutory

20    maximum based on additional facts unless those facts are submitted to a jury to be

21    proven beyond a reasonable doubt.

22    Petitioner alleges that his constitutional rights were violated because the facts

23    which lead the trial judge to impose the upper term were not presented to the jury in

24    accordance with Apprendi and Blakely. Petitioner argues for retroactivity of these

25    decisions to grant him relief. Petitioner's argument must fail in light of Ninth

26    Circuit decisions to the contrary: Apprendi announced a new constitutional rule of

27    criminal procedure that does not apply retroactively on initial collateral review,

28    United States v. Sanchez-Cervantes, 282 F.3d 664, 665 (9th Cir. 2002), and Blakely

announced a new constitutional rule of criminal procedure that does not apply

retroactively on habeas review, <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir.

2005). Accordingly, the petition must be dismissed.

**CONCLUSION**

For the reasons stated above, the petition is DISMISSED for failure to state a

cognizable claim. <u>See</u> 28 U.S.C. § 2254(a).

DATED:    JUN 3 0 2008

JAMES WARE
United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A LITTLE,

              Petitioner,

   v.

MIKE EVANS, Warden,

              Respondent.
                         /

Case Number: CV07-02573 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____7/9/08_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William A. Little E-86654
Salinas Valley State Prison
P. O. Box 1060
Soledad, Ca 93960-1060

Dated: _____7/8/08_____

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk

**FILED**

JUL 0 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A. LITTLE,                          )        No. C 07- 02573 JW (PR)
                    Petitioner,             )
                                            )        JUDGMENT
            vs.                             )
                                            )
MIKE EVANS, Warden,                         )
                    Respondent.             )
_____         )

        For the reasons stated on the order of dismissal, the petition is DISMISSED

for failure to state a cognizable claim. <u>See</u> 28 U.S.C. § 2254(a). Judgment is

entered accordingly.

        The clerk shall close the file.


DATED:    June 30, 2008

                                            JAMES WARE
                                            United States District Judge

Judgment
P:\PRO-SE\SJ.JW\HC.07\Little02573_judgment.wpd

United States District Court
For the Northern District of California

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A LITTLE,

           Petitioner,

   v.

MIKE EVANS, Warden,

           Respondent.

Case Number: CV07-02573 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ____7 / 9 / 08____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William A. Little E-86654
Salinas Valley State Prison
P. O. Box 1060
Soledad, Ca 93960-1060

Dated: ____7 / 9 / 08____

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk